67860. CHESTER v. THE STATE.

DEEN, Presiding Judge.

Rodney Chester was charged with armed robbery of two employees of a Rome, Georgia, motel. Both victims positively identified Chester from a photographic array, as well as in court, as one of the persons who had robbed them at gunpoint. The other evidence presented at trial strongly supported the charges. Chester's

sole defense was alibi, concerning which the evidence adduced by the defense was inconclusive, at best.

A Floyd County jury found Chester guilty, and as a habitual offender he received the maximum penalty of life imprisonment on each count. He appeals from this judgment, enumerating six errors as follows: the denial of motions to suppress the in-court identifications in general and the identification testimony of a particular witness; an allegedly unauthorized jury instruction on flight; the alleged denial of relief sought through Brady and Jencks motions; the court's alleged failure to cure what appellant claims was a prosecutorial misstatement of the law of alibi and identity; and the court's failure to grant a defense motion for a directed verdict of acquittal. *Held:*

Careful scrutiny of the record reveals that none of appellant's enumerations has any merit. The motions to suppress identification testimony were properly denied after Jackson v. Denno hearings; there was no evidence of tainted identification procedures, and the alleged discrepancies in the identification testimony were minuscule. Appellant's failure to surrender himself to law enforcement officers for a period of more than 36 hours after admittedly learning that the police were looking for him provides sufficient evidence to authorize a jury instruction on flight. The record discloses that, contrary to appellant's contention, the prosecution made its file available for inspection in compliance with the requirements of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and the Jencks Act, 18 USC § 3500.

We find, further, that the court's instructions on alibi and identity were taken *verbatim* from the suggested pattern instructions prepared by the Georgia Council of Superior Court Judges. These instructions on alibi and identity, together with those on burden of proof, evidence, and impeachment of witnesses, were such as to resolve any confusion which might even arguably have resulted from the allegedly erroneous prosecutorial statement, and to enable the jury properly to assess the evidence on those points.

As to appellant's assigning as error the trial court's denial of the motion for a directed verdict of acquittal, such a verdict is authorized only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal . . ." OCGA § 17-9-1 (Code Ann. § 27-1802); *Zuber v. State,* 248 Ga. 314 (282 SE2d 900) (1981); *Paxton v. State,* 160 Ga. App. 19 (285 SE2d 741) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1984.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.